

## IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| SCHOLASTIC INC.,<br>     Plaintiff,<br>v.<br><br>SCHOLASTIC COMMUNICATIONS, INC.,<br>SCHOLASTIC COMMUNICATIONS and<br>TEDDY GABBART,<br>     Defendants. | § § § § § § § § | CIVIL ACTION<br><br>CAUSE NO. **A11CA 322 LY**<br><br>JURY REQUESTED |

### ORIGINAL COMPLAINT

Plaintiff Scholastic Inc. ("Scholastic"), by its attorneys, for its complaint against defendants Scholastic Communications, Inc., Scholastic Communications and Teddy Gabbart, alleges as follows:

### NATURE OF THE ACTION

1.     This is an action at law and in equity for trademark infringement, false designation of origin and false description, cybersquatting, trademark dilution, injury to business reputation and/or trademarks, unjust enrichment, unfair competition, and vicarious liability arising under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), as well as Texas state statutory and common law.

2.     Scholastic is the world's largest publisher and distributor of children's books and is a leading purveyor of both electronic and printed educational materials.  Scholastic has been using its well known trademark SCHOLASTIC since at least as early as 1922 and owns more than one hundred (100) federal trademark registrations, many of which are incontestable, for the trademarks SCHOLASTIC and SCHOLASTIC in connection with another word or words (the "SCHOLASTIC Marks").

3.     The SCHOLASTIC Marks include such trademarks as the federally registered trademark SCHOLASTIC (Reg. No. 1,672,577) for printed educational materials such as newspapers, magazines, books, catalogs, calendars and posters, the federally registered trademark SCHOLASTIC (Reg. No. 2,392,914) for services provided on the internet in connection with educational programs and materials, children's books, book clubs and fairs, magazines, computer software, television programs, films, home videos and games, and the federally registered trademark SCHOLASTIC and Design (Reg. No. 2,444,550) for mail order catalog services featuring general merchandise for children.  In addition, Scholastic is the owner of numerous federally registered marks that include the mark SCHOLASTIC in conjunction with other words, such as SCHOLASTIC NEWS  ONLINE for educationally oriented news via the Internet (Reg. No. 3,204,059), SCHOLASTIC EASYSCAN for electronic payment and credit card transaction processing services (Reg. No. 3,849,560), SCHOLASTIC PRINTABLES for an online subscription service to a searchable database of downloadable educational publications (Reg. No. 3,409,789),  SCHOLASTIC TESTING for providing information in the field of testing via the Internet (Reg. No. 2,951,954),  SCHOLASTIC EXPERT 21 for online student and teacher edition workbooks and other services (Reg. No. 3,722,964),  and many others. Scholastic also is the registered owner and user of the domain name SCHOLASTIC.COM (the "Scholastic Domain Name") and operates a website at that URL.

4.     This action arises as a result of Defendants' unauthorized use of Plaintiff's SCHOLASTIC Marks in connection with web hosting and network management services that are being advertised and offered to the educational community under the name SCHOLASTIC COMMUNICATIONS (the "Infringing Mark").   Additionally, Plaintiff has registered the domain name ScholasticCommunications.com (the "Infringing Domain Name") and, at the

2

website located at that URL, are advertising and offering their educationally-related services for sale under the Infringing Mark.

5.      As relief for Defendants' infringing conduct, Plaintiff seeks an injunction to prevent Defendants from using the Infringing Mark or any other mark confusingly similar to Plaintiff's SCHOLASTIC Marks in connection with any educational goods or services, an order transferring the Infringing Domain Name to Scholastic, as well as monetary damages, costs and attorneys' fees.

## THE PARTIES

6.      Plaintiff Scholastic is a corporation organized under and by virtue of the laws of the State of New York with its principal place of business at 557 Broadway, New York, New York 10012.

7.      Upon information and belief, defendant Scholastic Communications, Inc. is an entity located in Oklahoma with its home office at 2912 Enterprise Boulevard, Suite C2, Durant, OK 74701.  Upon information and belief, Scholastic Communications, Inc. is doing business in the State of Texas, including in Austin, Texas.  Pursuant to Section 17.044 et seq. of the Texas Civil Practice & Remedies Code, Scholastic Communications, Inc. may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service of process because Scholastic Communications, Inc. has not designated or maintained a resident agent for service of process in the State of Texas.  Accordingly, the Texas Secretary of State shall mail a copy of the process (Citation and Petition) to defendant Scholastic Communications, Inc. at its home office located at 2912 Enterprise Boulevard, Suite C2, Durant, OK 74701.  Such documents shall be sent by registered or certified mail, return receipt requested.

8.     Upon information and belief, defendant Scholastic Communications is an entity located in Oklahoma with its home office at 2912 Enterprise Boulevard, Suite C2, Durant, OK 74701.  Upon information and belief, Scholastic Communications is doing business in the State of Texas, including in Austin, Texas.  Pursuant to Section 17.044 et seq. of the Texas Civil Practice & Remedies Code, Scholastic Communications may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service of process because Scholastic Communications has not designated or maintained a resident agent for service of process in the State of Texas.  Accordingly, the Texas Secretary of State shall mail a copy of the process (Citation and Petition) to defendant Scholastic Communications at its home office located at 2912 Enterprise Boulevard, Suite C2, Durant, OK 74701.  Such documents shall be sent by registered or certified mail, return receipt requested.

9.     Upon information and belief, defendant Teddy Gabbart ("Gabbart") is an individual whose home is at 5438 Roadrunner Drive, Durant, Oklahoma.  Upon information and belief, Gabbart is doing business in the State of Texas, including in Austin, Texas.  Gabbart may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as his agent for service because Gabbart engages in business in Texas but does not maintain a regular place of business in this state or a registered agent for service of process, and this suit arose out of Gabbart's business and other contacts with Texas. Accordingly, the Texas Secretary of State shall mail a copy of the process (Citation and Petition) to Defendant Gabbart at his home located at 5438 Roadrunner Drive, Durant, OK 74701.  Such documents shall be sent by registered or certified mail, return receipt requested.

10.     Upon information and belief, Gabbart is the sole owner of Scholastic Communications, Inc. and Scholastic Communications (collectively, "Scholastic Communications") and asserts exclusive control, authority and supervision over all aspects of the

company's decision-making process, including those decisions made in relation to trademark, domain name and website choice, design and usage.  Thus, Gabbart was and continues to be an active and moving force behind the infringement of Plaintiff's rights as alleged below.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*; 28 U.S.C. § 1338(b) in that this action asserts a claim of unfair competition joined with substantial and related claims under the trademark laws; and 28 U.S.C. § 1367(a) as to Plaintiff's supplemental state law claims.

12.    This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and/or (a)(2), in that upon information and belief, this action is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

13.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this suit occurred in this District.

14.    Upon information and belief, this Court has personal jurisdiction over Scholastic Communications because its activities constitute a basis for application of jurisdiction under the laws of the State of Texas.

## STATEMENT OF FACTS

### Plaintiff's Ownership and Use of the SCHOLASTIC Marks

15.    Scholastic is a global children's publishing, education and media company, which has a corporate mission of helping children around the world to read and learn.  Recognizing that literacy is the cornerstone of a child's intellectual, personal and cultural growth, for nearly 90

5

years Scholastic has created quality products and services that educate, entertain and motivate children and are designed to help enlarge their understanding of the world around them.

16.    Among its many activities, Scholastic is the publisher of, and uses the SCHOLASTIC Marks in connection with, thousands of books and magazines used by children in primary and secondary schools, numerous magazines directed at teachers and educational professionals, book clubs, book fairs, the production of television series and feature films for children, and the publication and sale of educational software and multimedia products to school administrators, teachers, parents and students.

17.    Scholastic has been using the SCHOLASTIC Marks in connection with its myriad educational goods and services since as early as 1922.    During that time, Scholastic has continuously, exclusively and extensively used the SCHOLASTIC Marks in connection with the promotion and sale of products and services throughout the United States directed to school administrators, teachers, parents and students.

18.    Scholastic has expended millions of dollars to promote its SCHOLASTIC Marks and the goods and services which bear the SCHOLASTIC Marks.    As a result of these expenditures and efforts, Scholastic possesses proprietary rights in the SCHOLASTIC Marks and the public has come to strongly associate the goods and services provided by Scholastic with the SCHOLASTIC Marks.

19.    Scholastic's pervasive and extensive use and promotion of its SCHOLASTIC Marks has rendered its SCHOLASTIC Marks famous and distinctive within the meaning of the Lanham Act.

**Defendants' Current Infringement of the Scholastic Marks**

20.     According to its marketing materials, Scholastic Communications "provides website hosting specifically designed for K12 [sic] schools.  [It] provide[s] solutions to the challenges schools face with communication, accountability, organization and community building.  With Scholastic Communications, schools can have a website that has powerful features, yet is simple to use and surprisingly affordable.  [It is] a full-service technology company which provides quality service and experienced technical support to [its] school districts."  Materials regarding Scholastic Communication are attached hereto as Exhibit A.

21.     Scholastic     Communications     operates     a     website     at www.ScholasticCommunications.com, where it promotes and offers its services for sale.  Printouts from the website at www.ScholasticCommunications.com are attached hereto as Exhibit B.

22.     Upon information and belief, Scholastic Communications is promoting and selling its webhosting and network communication services to many of the same consumers and through the same channels of trade that Scholastic uses to promote its numerous goods and services under its SCHOLASTIC Marks.

23.     Not only is Defendants' conduct likely to cause confusion, it already has caused confusion among consumers, including without limitation, at the Texas Computer Education Association ("TCEA") conference in Austin, Texas in February 2011.

24.     Scholastic attended the TCEA conference, where it displayed and promoted its products and services to the educational community at a booth under its famous SCHOLASTIC mark.  During the three days of the TCEA conference, a number of teachers asked an employee of Scholastic in the company's booth whether Scholastic was located in two different places in the conference center.  Upon investigation, the Scholastic employee observed that Defendants

were promoting their services in a booth prominently located in the middle of the conference center under the mark SCHOLASTIC COMMUNICATIONS.

25.    On or about February 14, 2011 Scholastic wrote to Defendants, advising them that the use of the Infringing Mark and the Infringing Domain Name violated Scholastic's valuable trademark and related rights in the SCHOLASTIC Marks and demanding that Defendants cease and desist from its use of the Infringing Mark and the Infringing Domain Name.

26.    In his email response to Scholastic, Gabbart asserted that his company "provided network management services and web hosting to school districts" and claimed that Scholastic Communications "ha[d] nothing to do with books, libraries, or business where we could be confused with your client."

27.    On or about March 17, 2011, counsel for Scholastic wrote a follow-up letter to Gabbart, again demanding that Scholastic Communications cease and desist from using the Infringing Mark and the Infringing Domain Name, but Defendants have failed to provide a substantive response to Scholastic's demands or stop violating Scholastic's rights.

**Defendants' Previous Infringement of the Scholastic Marks**

28.    Scholastic's February 14, 2011 letter was not the first time that Scholastic has demanded that Defendants cease and desist from their infringing use of the SCHOLASTIC Marks.

29.    Scholastic's counsel wrote a letter to Defendants on Scholastic's behalf in 2008 when Defendants were promoting web hosting and related services to schools on a website at www.scholasticdemo.com, which are similar to those Defendants are currently offering on the website at www.ScholasticCommunications.com.  Defendants failed to respond to any of the multiple letters that were sent, but Scholastic considered the matter resolved after Defendants abandoned the registration of the scholasticdemo.com domain name.

30.    Despite being on notice that their use of the SCHOLASTIC mark violated Scholastic's rights, Defendants have nonetheless continued their infringing conduct by offering "network management services and web hosting" to schools under the name SCHOLASTIC COMMUNICATIONS.

31.    Upon information and belief, Defendants' infringement of Scholastic's rights in the SCHOLASTIC Marks is willful and intended to cause confusion among consumers.

## FIRST CLAIM
### (Federal Trademark Infringement Pursuant to 15 U.S.C. § 1114)

32.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 of the Complaint as if set forth in full herein.

33.    Plaintiff is the owner of more than one hundred (100) federal trademark registrations, many of which are incontestable, for the trademarks SCHOLASTIC and SCHOLASTIC in connection with another word or words.

34.    Defendants' unauthorized use of the Infringing Mark is without the permission or authority of Plaintiff and is likely to cause and has caused actual confusion, mistake and deception as to the relationship or affiliation of the parties and the source, origin or sponsorship of the parties' respective goods and services.

35.    Such use constitutes infringement of the registered SCHOLASTIC Marks in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.    Upon information and belief, Defendants had knowledge and notice of the SCHOLASTIC Marks prior to adopting the Infringing Mark.  Upon information and belief, Defendants have nonetheless used and plan to continue to use the Infringing Mark to promote their goods and services.

37.    Upon information and belief, Defendants' continued use of the Infringing Mark has been intentional and willful and for the purpose and intent of deceiving others with respect to the source, origin, sponsorship or affiliation of Defendants' goods and services and their relationship to or association with Plaintiff and the registered SCHOLASTIC Marks.

38.    Unless restrained and enjoined by this Court, Defendants will, upon information and belief, continue to infringe Plaintiff's valuable rights and irreparably damage Plaintiff.  No adequate remedy at law exists for the irreparable harm to Plaintiff.  Accordingly, Plaintiff is entitled to injunctive relief.

39.    Defendants' use of the Infringing Mark has damaged and will continue to damage Plaintiff's business, reputation and goodwill.

40.    As a result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

### SECOND CLAIM
**(Federal Unfair Competition, False Designation of Origin and False Description Pursuant to 15 U.S.C. § 1125(a))**

41.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 of the Complaint as if set forth in full herein.

42.    The SCHOLASTIC Marks are inherently distinctive and have come to be uniquely associated with Plaintiff and its unique goods and services.

43.    Defendants' use in commerce of the Infringing Mark in connection with the sale, offering for sale, distribution and advertising of their web hosting and related services constitutes unfair competition, false designation of origin, false advertising, and false or misleading description of fact that wrongly and falsely designate the goods and services sold by Defendants as originating from, or as being sponsored by, approved of, or otherwise connected with Plaintiff in violation of Section 43(a) of the Lanham Act § 1125(a).

10

44.     Upon information and belief, Defendants' foregoing actions are either calculated to cause, or are likely to cause confusion and mistake and to deceive customers, potential customers and the public as to the true affiliation, connection, or association of Defendants, all in violation of 15 U.S.C. § 1125(a).

45.     Defendants' continuing acts of unfair competition are causing and are likely to continue to cause substantial injury to Plaintiff, and have damaged and are likely to continue to damage Plaintiff's business, goodwill and reputation, unless restrained by this Court.

46.     As a result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

## THIRD CLAIM
### (Federal Cybersquatting Pursuant to 15 U.S.C. § 1125(d))

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 of the Complaint as if set forth in full herein.

48.     Plaintiff's SCHOLASTIC Marks are distinctive.

49.     The Infringing Domain Name is identical and/or confusingly similar to the SCHOLASTIC Marks and the Scholastic Domain Name.   Upon information and belief, Defendants are using the Infringing Domain Name in bad faith and have no trademark rights in the Infringing Domain Name.

50.     Upon information and belief, Defendants have a bad faith intent to profit from use of the Infringing Domain Name.

51.     By virtue of these acts by Defendants, Plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless Defendants are enjoined from registering and using the Infringing Domain Name.

11

52.     Unless restrained and enjoined by this Court, Defendants will, upon information and belief, continue to violate Plaintiff's rights under 15 U.S.C. § 1125(d) of the Anticybersquatting Consumer Protection Act, and irreparably impair and damage the distinctive quality of the SCHOLASTIC Marks. No adequate remedy at law exists for the irreparable harm to Plaintiff. Accordingly, Plaintiff is entitled to injunctive relief.

53.     Defendants' violation of 15 U.S.C. § 1125(d) by use of the SCHOLASTIC Marks and the Infringing Domain Name has damaged and will continue to damage Plaintiff's business, reputation and goodwill.

54.     As a result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

### FOURTH CLAIM
**(Infringement of Common Law Rights in Trademarks and Trade Name)**

55.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 of the Complaint as if set forth in full herein.

56.     By engaging in the aforementioned conduct, Defendants have infringed upon Plaintiff's common law rights to its trademark and trade name in the State of Texas and similar common laws of other states.

57.     As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

58.     Defendants' infringing activities have caused and, unless enjoined by the Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill. No adequate remedy at law exists for the irreparable harm to Plaintiff. Accordingly, Plaintiff is entitled to injunctive relief.

## FIFTH CLAIM
### (Trademark Dilution)

59.     Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60.     Defendants have made unauthorized use of the Infringing Mark in commerce in a manner that is likely to cause blurring and tarnishment of the SCHOLASTIC Marks.  By reason of this misconduct, Defendants have violated the Texas Anti-Dilution Act, Texas Business & Commerce Code § 16.29, and similar statutory and/or common laws of other states.

61.     Defendants' aforementioned conduct has caused and, unless enjoined by the Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill.  No adequate remedy at law exists for the irreparable harm to Plaintiff. Accordingly, Plaintiff is entitled to injunctive relief.

## SIXTH CLAIM
### (Injury To Business Reputation and/or Trademarks)

62.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 61 of the Complaint as if set forth in full herein.

63.     By engaging in the aforementioned conduct, Defendants have injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's SCHOLASTIC Marks.

64.     The aforementioned conduct of Defendants constitutes an injury to the business reputation of Plaintiff and dilution of Plaintiff's SCHOLASTIC Marks in violation of Texas Business & Commerce Code §16.29.

65.     Defendants' aforementioned conduct has caused and, unless enjoined by the Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill.  No adequate remedy at law exists for the irreparable harm to Plaintiff. Accordingly, Plaintiff is entitled to injunctive relief.

## SEVENTH CLAIM
### (Common Law Unjust Enrichment)

66.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 of the Complaint as if set forth in full herein.

67.     Defendants have been and will continue to be unjustly enriched as a result of their unauthorized use of the Infringing Mark.

68.     By their aforementioned conduct, Defendants have retained revenues to which they were not equitably or legally entitled, and were thereby unjustly enriched at Plaintiff's expense, in violation of the common law of the State of Texas, and similar common laws of other states.

69.     As a result of the foregoing, Plaintiff has suffered damages in an amount in to be determined at trial.

## EIGHTH CLAIM
### (Common Law Unfair Competition)

70.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 69 of the Complaint as if set forth in full herein.

71.     The aforementioned conduct of Defendants is a form of unfair competition that is prohibited under the common law of the State of Texas, and similar common laws of other states.

72.     As a result of the foregoing, Plaintiff has suffered damages in an amount in to be determined at trial.

## NINTH CLAIM
### (Direct and Vicarious Liability)

73.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 72 of the Complaint as if set forth in full herein.

74.    Upon information and belief, Defendant Gabbart, through his actions as owner of Scholastic Communications is vicariously liable for all acts of infringement and other violations of law alleged in this Complaint.

75.    Upon information and belief, Defendant Gabbart is jointly and severally liable with Scholastic Communications under all counts of this Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury and tenders herewith the requisite jury fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.    For judgment that:

a.    Defendants have engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

b.    Defendants have engaged in unfair competition, false designation of origin and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

c.    Defendants have engaged in cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

d.    Defendants have engaged in trademark infringement and unfair competition in violation of the laws of the State of Texas;

e.    Defendants have engaged in trademark dilution and injury to business reputation in violation of the laws of the State of Texas;

f.    Defendants have been unjustly enriched; and

g.    Defendant Gabbart is jointly and severally liable with defendant Scholastic Communications for each and every of the aforesaid violations of law.

15

2.    For a permanent injunction enjoining Defendants, and any successors or assigns, and their officers, directors, partners, agents, subcontractors, manufacturers, distributors, retailers, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or entities, and all others acting in concert or participation with them, from

a.    Making any use of the SCHOLASTIC Marks, the Infringing Mark or any other mark confusingly similar to Plaintiff's SCHOLASTIC Marks;

b.    Making any use (including continued registration) of the Infringing Domain Name or any other domain names incorporating the SCHOLASTIC Marks;

c.    Engaging in any activity infringing the SCHOLASTIC Marks or the Scholastic Domain Name; and

d.    Assisting, aiding or abetting any other person or entity from engaging in or performing any of the activities referred to herein.

3.    For an order that the Infringing Domain Name be transferred to Plaintiff.

4.    For an order awarding Plaintiff: (a) Defendants' profits, trebled, together with attorneys' fees and costs, to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (b) actual and punitive damages as provided for under the common law, and holding all Defendants jointly and severally liable for said damages.

5.    For an order requiring Defendants to account to Plaintiff for Defendants' unjustly received profits resulting from the foregoing acts.

6.    For such other and further relief as the Court deems just and proper.


SIGNED and DATED this 20th day of April, 2011.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: _____
Stacy Allen
State Bar No. 24034185
Megan M. Honey
State Bar No. 24050781
100 Congress Avenue, Suite 1100
Austin, Texas  78701
Telephone:  (512) 236-2000
Facsimile:  (512) 236-2002
Email:  stacyallen@jw.com;
mhoney@jw.com

ATTORNEYS FOR PLAINTIFF,
SCHOLASTIC INC.

**OF COUNSEL**

**FRANKFURT KURNIT KLEIN & SELZ PC**

Edward H. Rosenthal
New York State Bar No. 1731835
488 Madison Avenue
New York, NY 10022
Telephone: (212) 826-5524
Facsimile: (347) 438-2114
Email: erosenthal@fkks.com

17